IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SAM ADAMS, Individually and on
Behalf of All Others Similarly Situated**          **PLAINTIFF**

vs.                    Case No. 4:16-cv-930-JLH

**UNITED CEREBRAL PALSY OF CENTRAL
ARKANSAS, INC., d/b/a UNITED CEREBRAL
PALSY OF ARKANSAS, and PAULA RADER
and LARRY STANG**                                  **DEFENDANTS**

## DECLARATION OF MARY BRANCH

I, Mary Branch, do hereby swear, affirm and attest as follows, based upon my personal knowledge of the matters contained herein:

1. My name is Mary Branch, and I am over the age of eighteen (18) and duly qualified to execute this declaration.

2. I am currently a resident and domiciliary of the State of Arkansas.

3. For more than three (3) years, I was employed as a home healthcare worker, or "Direct Care Worker," by Defendants United Cerebral Palsy of Central Arkansas, Inc., d/b/a United Cerebral Palsy of Arkansas, and Paula Rader and Larry Stang (hereinafter collectively "Defendant") taking care of clients in their homes in the State of Arkansas. During most of that time, I was paid a day rate for my work.

4. Specifically, I was employed by Defendant as a Direct Care Worker between approximately 2010 and April of 2017. I am personally familiar with other Direct Care Workers employed by Defendant in the State of Arkansas.

5.  Direct Care Workers have been and are scheduled to work more than forty (40) hours per week. Due to the nature of the job, Direct Care Workers have been and are often required to work far more than forty hours per week, even during "non-scheduled" hours. I personally worked eighty (80) hours or more in most weeks.

6.  Immediately after being hired as a Direct Care Worker, I had to attend Defendant's orientation and minimal training sessions. However, I did not have to receive training specific for individual clients. The primary duties of the Direct Care Worker were the same for all clients. We were all trained to do the same things to care for the clients.

7.  My primary duties as a Direct Care Worker were to take care of the physical needs of the client, including transportation, cooking, laundry, general household work, and anything else that was necessary to assist the client. These duties included helping the client through all hours of the day and night, for whatever reason, whenever and wherever the client needed assistance.

8.  It was standard practice at United Cerebral Palsy of Arkansas for Direct Care Workers to take care of clients in excess of forty (40) hours each week while receiving only a day rate and no overtime wages.

9.  I worked numerous hours of mandatory overtime each week; however, I did not receive overtime compensation for all of the hours I worked over forty (40) each work week, until late in my employment, when Defendant changed its pay practice.

10. I observed that Defendant uniformly required other Direct Care Workers like me to work long hours without overtime pay.

11. I do not know the exact number of people who were subject to Defendant's policy requiring overtime work without overtime pay; however, I have reason to believe that there are at least fifty others like me.

12. Based on my experience and the information and knowledge I have regarding the job duties of Direct Care Workers employed by Defendant, I know that there would be others who would want to join this lawsuit if they were made aware of the opportunity to join the lawsuit.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on this 24th day of April, 2017.

*Mary Branch*
MARY BRANCH