# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

SAM ADAMS, individually and on       PLAINTIFFS
behalf of others similarly situated

v.      NO. 4:16CV00930 JLH

UNITED CEREBRAL PALSY OF CENTRAL
ARKANSAS, INC., d/b/a United Cerebral
Palsy of Arkansas; PAULA RADER;
and LARRY STANG      DEFENDANTS

## ORDER

This is a collective action brought under the Fair Labor Standards Act with approximately 178 opt-in plaintiffs. Both sides have moved for a protective order.

The plaintiffs say that between June 12 and June 25 the defendants served substantially identical written discovery requests on the named plaintiff, Sam Adams, and 122 opt-in plaintiffs. During a conversation in which the parties conferred in good faith, defense counsel narrowed the requests to 14 per plaintiff: 3 interrogatories and 3 requests for production directed to 123 individuals separately; and 3 interrogatories and 5 requests for production directed at the collective. The plaintiffs agree that the defendants are entitled to the information requested but insist that requiring separate responses from 123 individuals is wasteful and abusive.

The defendants complain about a 30(b)(6) notice of deposition attached to which are 178 pages of spreadsheets, apparently created by plaintiffs' counsel, and 170 requests for admission, which include 170 exhibits totaling 188 pages. These discovery requests seeks to have the defendants confirm that spreadsheets prepared by the plaintiffs accurately reflect the time records for each plaintiff for each work week in question, which totals 9,523 individual work weeks. The

defendants contend that requiring them to verify spreadsheets regarding so many individual work weeks amounts to imposing an excessive burden on them.

The problem here is not any impropriety in the discovery requests or the requests for admission: the problem is that the number of opt-in plaintiffs plus the number of work weeks each has worked amounts to a significant burden in determining liability and damages: but the burden lies at the heart of the case and cannot be avoided.

The defendants correctly argue that they are entitled to ask these opt-in plaintiffs how many hours they worked. Each opt-in plaintiff is a party to the case, unlike the unnamed class members in a Rule 23 action. *Halle v. West Penn Allegheny Health System, Inc.*, 842 F.3d 215, 225 (3d Cir. 2016). "Opt-in plaintiffs, who affirmatively choose to participate in a collective action, have an obligation to participate in discovery." *Soderberg v. Naturescape, Inc.*, Civil No. 10-3429 (PAM/JJG), 2011 WL 13244743 at *2 (D. Minn. Sept. 20, 2011). The plaintiffs contend that the defendants should not be allowed to ask that question individually because the plaintiffs' claims are based on the defendants' time records. The defendants respond that their time records are simply reflections of the amount of time reported by the opt-in plaintiffs during their employment, and they point to the deposition of Sam Adams, the named plaintiff, who has already testified that he did not accurately report his hours. Information is discoverable if it is relevant to the case and proportional to the needs of the case considering the importance of the issues, the amount in controversy, the parties' relative access to relevant information, their resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). Here, the defendants' discovery requests, as narrowed during the conference between the lawyers, meets this standard.

The requests for admission submitted by the plaintiffs, likewise, are appropriate. They involve a substantial burden on the defendants, but that burden is caused, again, by the number of opt-in plaintiffs and the number of individual work weeks involved in the case. The requests for admission are not outside the bounds of Rule 36. Rule 36 provides that a party may serve on any other party a written request to admit the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to facts, or opinions about either; and the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1). Rule 26 provides, as noted above, that parties may obtain discovery of any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action and the other factors. Fed. R. Civ. P. 26(b)(1). Requests for admission asking the defendants to admit that the spreadsheets accurately reflect the time records maintained by the defendants obviously seek answers relevant to the claims of the plaintiffs. Because these questions go to the heart of the case, they also are proportional to the needs of the case, even though they impose a significant burden. Perhaps the most efficient way for the parties to come to terms on whether the spreadsheets are accurate is for the lawyers or their designees to sit down together in a conference room and go over them together. Barring voluntary cooperation of that sort, pursuing requests for admission under Rule 36 is probably the most efficient way to determine whether the defendants dispute the spreadsheets.

Seeking the same information through a Rule 30(b)(6) witness, is not efficient. For now, the Court will not require the defendants to prepare a witness to testify regarding all of the spreadsheets and all of the time records for the thousands of work weeks involved; but if the plaintiffs are unable to reach a stipulation with the defendants or obtain satisfactory answers to the requests for

3

admission, then the Court will reconsider whether to require the defendants to submit a Rule 30(b)(6) witness to testify regarding these matters.

For the reasons stated, the motion for protective order filed by the plaintiffs is DENIED. Document #72. The motion for protective order filed by the defendants is GRANTED IN PART and DENIED IN PART. Document #74.

IT IS SO ORDERED this 28th day of June, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE